THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of VINCENT F. PARRY, Respondent, v. CHARLES WILLIAMS, Appellant.— Judgment by a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 1990-a of the Penal Law (loitering on railway property), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

HYMAN ROSEN, Appellant, Respondent, v. EQUITABLE PAPER BAG CO., INC., Respondent, Appellant.— Plaintiff appeals from an order dated July 15, 1940, as resettled by order dated August 7, 1940, in so far as it grants defendant's motion to set aside the verdict of a jury and to dismiss the complaint and directs that judgment be entered in favor of defendant; and also from the judgment entered thereon. Defendant cross-appeals from the said order and resettled order in so far as they grant plaintiff's motion to reform the verdict of the jury to read " Verdict for the plaintiff in the sum of $12,972.00 and interest." Resettled order dated August 7, 1940, modified by striking out the first decretal paragraph and as thus modified, the order, in so far as appealed from, is unanimously affirmed, without costs. The appeal from the order dated July 15, 1940, is dismissed, without costs. No stated amount was conceded to be due. It was the plaintiff's burden to establish that the building could have been erected for the basic actual cost figure named in the contract. Any construction fee to be paid the plaintiff depended upon the basic cost price not exceeding the figure named in the contract. The judgment dismissing the complaint is unanimously affirmed, with costs. The contract to erect the building was made with the Esthall Realty Co., Inc., and not with the defendant, but in any event, assuming that the defendant was the principal and the Esthall Realty Co., Inc., was merely the agent, then there was no proof of damage to sustain a verdict against the defendant. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

GAYLE L. SHAPIRO, Appellant, v. MORRIS E. L. SHAPIRO, Respondent.— Order denying motion to confirm official referee's report and denying plaintiff's motion further to modify the judgment herein, reversed on the law and facts, with ten dollars costs and disbursements, motion to confirm referee's report granted, without costs, and judgment, as modified, further modified by increasing the alimony beginning November 2, 1939, from twenty-five dollars to thirty-five dollars per week. The testimony taken before the official referee plainly demonstrates that respondent is hiding his real financial status behind one whom he calls his wife, and her sisters. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.